**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0479n.06
Filed: August 8, 2008

**No. 07-4083**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DANIELLE BERRY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SILER and COLE, Circuit Judges; CLELAND, District Judge.[*]

**SILER**, Circuit Judge. Danielle Berry appeals the denial of her claims for disability and supplemental social security income benefits. The administrative law judge (ALJ) ruled that Berry was not totally disabled and denied benefits. The district court affirmed the ALJ's decision. We AFFIRM the district court.

**BACKGROUND**

Berry alleges that she became disabled in September 1998 after being involved in a car accident. She characterizes her impairment as a psychologically-based chronic pain syndrome. She has also been diagnosed with fibromyalgia and depression. Berry testified that she cannot work due to problems with lifting, walking, and remembering. She also complained of headaches, depression,

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

and incontinence. Numerous doctors and health care professionals have evaluated Berry's condition since 1998.

Berry worked as a file clerk in the military until she received a hardship discharge to care for her mother in February 1999. She was twenty-eight years old at the time of the ALJ's decision, and she lived with her son, who was born in April 2005. She cared for her newborn son and performed regular household activities, including cooking, washing dishes, grocery shopping, and doing laundry. For much of the relevant period, she also provided childcare for her cousin's baby. In December 2000, she traveled to Alabama to visit friends and reported that she felt less pain while on the trip. At various times, she was doing yoga, aerobics, and Tae-Bo for exercise. She also participated in physical therapy, kinesiotherapy, and aquatic therapy.

Berry applied for disability benefits in 2000. Upon initial review, an ALJ denied Berry's claims. The Appeals Council vacated that initial decision and remanded for further administrative proceedings. On remand, a different ALJ heard additional expert testimony. At this new hearing, Dr. Schweid, a psychiatrist, testified that Berry has severe impairments, including chronic pain syndrome and depression, but he opined that she could perform light work with certain limitations. A vocational expert testified that based on the limitations stated by Dr. Schweid, Berry would be capable of performing her past relevant work as a file clerk; in addition, she could perform other jobs that exist in the national economy, including a housekeeper, mail clerk, and car wash attendant.

The ALJ ruled that Berry was not entitled to disability benefits. The Appeals Council denied review, and the district court affirmed the ALJ's decision.

## DISCUSSION

Our review of the ALJ's decision to deny Social Security benefits "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). To qualify for Social Security disability benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1328c(a)(3)(A). Further, the claimant must "not only be unable to do his previous work," but unable to "engage in any other kind of substantial gainful work which exists in the national economy," meaning "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* §§ 423(d)(2)(A), 1328c(a)(3)(B).

The crux of Berry's claim is that she has a psychologically-based pain condition that renders her disabled, and she argues that the ALJ's decision to the contrary is not supported by substantial evidence. Pain may render an individual disabled for Social Security purposes. *See Rogers*, 486 F.3d at 243-44 (stating that fibromyalgia can be a severe impairment, and objective tests are of little assistance in determining its existence or severity). The origin of Berry's pain is irrelevant for purposes of evaluating disability under the Social Security Act, because "pain resulting from the one source is just as real to a claimant and just as disabling as that resulting from the other." *Combs v. Gardner*, 382 F.2d 949, 956 (6th Cir. 1967). We must decide not whether the record would support a decision in Berry's favor, but whether the ALJ's decision is supported by substantial evidence based on the record as a whole.

The ALJ found that Berry "has severe impairment(s), namely chronic pain syndrome, major depressive disorder, and borderline personality disorder." He further acknowledged that symptoms like pain are "difficult to prove or quantify," and thus Berry's allegations regarding her symptoms are "entitled to perceptible weight where they are properly and adequately documented by the medical evidence." Berry produced evidence of impairments that could cause pain, but the ALJ found that "the evidence does not support that they render her totally disabled from employment."

The ALJ may discount a claimant's credibility when there are "contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In this case, there is contradiction among the medical reports in the record, and the record contains evidence of Berry's ability to perform certain activities. Particularly, Berry's ability to live independently and perform regular household activities belies her claim that she is totally disabled. *See id.* at 532 ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."). This court must give due weight to the ALJ's credibility determination. "Since credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)).

Berry also claims that the ALJ failed to review the record as a whole. On the contrary, the ALJ's opinion expressed the importance of considering the whole record. In evaluating the evidence, the ALJ gave "greatest weight" to the opinion of Dr. Schweid because he "had the benefit

of listening to the claimant's testimony as well as reviewing the record as a whole." The ALJ also credited Dr. Felker's opinion with great weight because he "had the opportunity to review more recent medical evidence of record, allowing for a fuller picture of the claimant's condition." Dr. Felker diagnosed Berry with depression and found her to have moderate difficulty in social and occupational functioning.

Dr. Schweid testified that Berry has a chronic pain syndrome, depression, and a borderline personality disorder. Although these are severe impairments, they do not meet or equal any of the Social Security Listings of Impairments. Dr. Schweid stated that Berry's chronic pain was largely somatoform in nature, but he did not believe that she was malingering. He opined that Berry retains the capacity to perform light work with some limitations. The ALJ essentially adopted Dr. Schweid's opinion in his finding with regard to Berry's ability to work:

> The claimant has the residual functional capacity to perform routine tasks at the light exertional level, as defined by the regulations, in a low-stress environment with no high production quotas with the restrictions of no intense, interpersonal interactions with the public and co-workers, no fine manipulations with either hand, and convenient access to restroom facilities.

Based on this assessment and testimony from the vocational expert, the ALJ found Berry capable of returning to her past relevant work as a file clerk.

Berry criticizes the ALJ for relying on the opinion of non-treating physicians, like Dr. Schweid, rather than on her treating physicians. "[W]hile it is true that a treating physician's diagnosis is to be given greater weight in the scales than the government's physician, that is only appropriate if the treating physician supplies sufficient medical data to substantiate the diagnosis."

*Kirk*, 667 F.2d at 538 (citing 20 C.F.R. § 404.1529). The ALJ is required to provide "good reasons" for discounting the opinion of a treating physician. *Rogers*, 486 F.3d at 243.

In this case, the ALJ explained why he accorded less weight to the opinion of Berry's treating physicians. For example, the ALJ gave little weight to the opinion of Nurse Myers-Bradley because she did not provide medical data to support her determination that Berry was disabled. The ALJ also addressed the opinion of Dr. Mathew, describing it as "vague, unsupported, and inconsistent with the record as a whole." Dr. Mathew had treated Berry for less than one month, and his statement that Berry was "totally disabled" was written on a prescription pad that does not provide the basis for the statement. Under these circumstances, it was appropriate to give less weight to his opinion and greater weight to the opinions of doctors who had the opportunity to evaluate Berry's disability based on the entire record.

Evaluating the record as a whole, substantial evidence supports the ALJ's conclusion that Berry was not entitled to disability benefits.

**AFFIRMED.**